(No. 32153.—

LELA ELLEGOOD *et al.,* Plaintiffs in Error, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(JOHN A. HELTON, Defendant in Error.)

*Opinion filed January 24, 1952.*

IRVING M. GREENFIELD, of Chicago, for plaintiffs in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

On February 20, 1947, Lela Ellegood, widow of William Ellegood, deceased, on behalf of herself and two children, aged 11 and 13 years, respectively, minor children of the decedent, filed a petition with the Industrial Commission against John A. Helton (hereinafter called respondent) seeking recovery under the Workmen's Compensation Act for the death of her husband, father of the two children.

The petitioners alleged that the husband died on May 30, 1946, as a result of an accident sustained by him on the 25th day of April, 1946, and that the accident arose out of and in the course of his employment by the said John A. Helton.

On the hearing before the arbitrator, the parties, through their respective attorneys, entered into stipulations, among which were the following: "That on the 25th day of April, 1946, said decedent and said respondent were operating under and subject to the provisions of the Workmen's Compensation Act, as amended. * * * That the issues in dispute are: Whether or not on said date the relationship of employee and employer existed between said decedent and respondent; * * *."

A hearing was had before the arbitrator, who denied the claim for compensation and held that the relationship between the deceased and the respondent was not a relationship subject to the provisions of the Illinois Workmen's Compensation Act. On review before the Industrial Commission the decision was affirmed, and on *certiorari* was later confirmed by the circuit court of Logan County. Petitioners were allowed a writ of error out of this court for a review of the case.

The facts disclosed through the testimony of the respondent show that respondent was engaged in the business of general trucking and hauling, and that William Ellegood started working for him in the middle of December, 1945; that Ellegood's job was to drive a truck, and load and unload, always under the direction and instruction of respondent; that under such direction he drove a loaded truck for Helton from Lincoln to Pontiac, and there unloaded and delivered the contents of the truck; that under the orders and instructions of respondent, Ellegood on the return trip picked up another load at Normal, to be delivered to the Alexander Lumber Company at Lincoln, another customer of Helton's; that while traveling homeward on U.S. 66, Ellegood had a head-on collision with another car and suffered serious injuries.

Medical testimony responding to a hypothetical question developed that there was a causal connection between the injuries and the death of Ellegood on May 30, 1946. Re-

spondent further testified that Ellegood worked for him from December, 1945, to April 25, 1946; that his wages ran as high as $40 some weeks, and, when work was slack, it was $25, $27, or $28, and that Ellegood's average weekly wage would be around $32; that $32 would be a reasonable wage for people doing that kind of work in the vicinity during that period.

The respondent has not appeared or filed any briefs or argument in this court. On the hearing before the arbitrator no evidence was presented after petitioners had concluded their testimony.

From the record submitted we cannot see why the ·stipulation that both parties were operating under and subject to the provisions of the Workmen's Compensation Act, as amended, should not stand. Where the parties have stipulated to operating under the Workmen's Compensation Act, such stipulation is conclusive and binding, and the Industrial Commission is without authority to make a finding contrary to the terms thereof. *Shell Oil Co.* v. *Industrial Com.* 407 Ill. 186; *Plano Foundry Co.* v. *Industrial Com.* 356 Ill. 186.

As to the facts, it appears from the record that the decedent was employed by respondent to drive a truck and do hauling for respondent. The service was in the usual course of the employer's business and was the regular occupation of the decedent. On the day in question he was returning from the city of Normal to Lincoln, Illinois, with a load of lumber. While so employed he had a head-on collision with another car, suffering injuries from which he died within a short period of time. He left him surviving Lela Ellegood and two minor children. There is no doubt that decedent was in the course of his employment at the time he was injured.

The decisions of the arbitrator, the Industrial Commission and the circuit court were contrary to the stipulation of the parties and against the weight of the evidence.

The judgment of the circuit court of Logan County is reversed and the cause remanded, with directions to enter an award in favor of the plaintiffs in error for the maximum death benefit under the provisions of section 7 of the Workmen's Compensation Act.

*Reversed and remanded, with directions.*